IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

JUL 0 9 2015

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| DEBRA KUBU, | CV 14–171–M–DLC–JCL |
| Plaintiff, | |
| vs. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on March 4, 2015, recommending that Plaintiff's motion for summary judgment be denied, and that the Commissioner's decision be affirmed. Kubu timely filed objections and is therefore entitled to *de novo* review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

- 1 -

Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

Kubu brings this action challenging the decision of the Commissioner of Social Security denying her application for disability insurance benefits. Kubu's claim stems from her allegations of disability beginning in July, 2008 including, depression, anxiety, post traumatic stress disorder, learning disabilities, dyslexia, and attention deficit hyperactivity disorder, kidney cancer (now resolved), hypothyroidism, hypertension, insomnia, and migraine headaches. After an administrative hearing, an administrative law judge ("ALJ") found that Kubu was not disabled within the meaning of the Act. Judge Lynch recommends that the Commissioner's decision be affirmed.

Kubu first objects to Judge Lynch's findings, arguing that he misapplied social security regulations and rulings in finding that the ALJ did not violate Kubu's due process rights to cross-examine a witness. It is well settled that claimants have the right to due process and an ALJ has the duty to fully and fairly develop the record. *Richardson v. Perales*, 402 U.S. 389, 401-402 (1971); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). However, an ALJ's duty is only triggered when the evidence is ambiguous or where the record is inadequate for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d

453, 459-460 (9th Cir. 2001). Kubu objects that the ALJ should not have limited her counsel's inquiries of the vocational expert because his definition of "fair" did not correspond with the terms "none, mild, moderate, marked, and extreme" as stated in 20 C.F.R. sections 404.1520a and 416.920a. Kubu argues that the regulations call for an assessment of broad areas of limitations, followed by a more detailed assessment, which was what his proposed cross examination would have covered. In this case, Kubu's counsel clarified his definition of the term "fair" clearly and was able to elicit from the vocational expert that a person who could not perform a job with "fair" ability would not be able to engage in substantial gainful activity. Additionally, the medical expert had already testified and been cross examined as to the eight categories of work duties, which Kubu's counsel would have cross examined the vocational expert about. The testimony was not ambiguous and repetition of this opinion was not required for proper evaluation of the evidence, thus the ALJ's duty to develop the record further was not triggered.

Kubu next objects to Judge Lynch's conclusion that the ALJ's hypothetical question accurately reflected the limitations contained in the finding regarding Kubu's residual functional capacity. Kubu urges the Court to require that the ALJ pose hypothetical questions using the same language and descriptive terminology

included in the residual functional capacity ("RFC") finding. Ninth Circuit law does not require that hypothetical questions directly quote RFC findings, but rather only requires that they include all of the claimant's limitations. *Garrison v. Colvin*, 759 F.3d 995, 1105 (9th Cir. 2014). In this case, the ALJ's first hypothetical did not include social limitations, however the second question did. The difference between the RFC language and the ALJ's language in the hypothetical are minimal and reflect the same limitations. Both refer to brief superficial one on one interactions, and occasional interactions with two to three people. Further, the Commissioner conceded that the ALJ's step four finding was erroneous, but found that the error was harmless because the ALJ made alternative findings at step five. The Court agrees.

Kubu also objects to the ALJ's RFC finding regarding mental functional limitations arguing that it is incomplete and contrary to the medical evidence. Kubu asserts that Judge Lynch did not address this issue. The basis for Kubu's argument is that the medical expert testified that Kubu had fair limitations, but that the RFC mental limitations findings were less restrictive. As Judge Lynch stated, the ALJ accounted for the medical experts fair limitations opinion by limiting Kubu to work involving brief and superficial interactions on an occasional basis. The ALJ also included that KUBU could perform occasional new learning in

written format, and was limited to work with only occasional judgment and decision-making. In doing so, the ALJ considered the record as a whole and does not appear to have selectively included only opinions that support a finding of non-disability.

Kubu similarly objects that Judge Lynch erred in finding that the ALJ permissibly rejected the opinions of Kubu's treating sources, Carleen Grussling and Irene Walters. Kubu argues that her symptoms waxed and waned over the years of treatment with Ms. Grussling and that a holistic view of the treatment records should reflect that her letter of September, 2012, stating Kubu's inability to work full time, should have been afforded more weight. The ALJ specifically referenced Ms. Grussling's August 2012 treatment notes, which state that Kubu's symptoms waxed and waned depending on situational stressors. The ALJ included a detailed summary of Ms. Grussling's treatment records and found that they reflect a waxing and waning of symptoms, but overall an ability to continue to work part time with counseling and medication. The Court finds that the ALJ did not pick isolated instances of improvement, and did not err in finding that Ms. Grussling's records, overall, are inconsistent with her opinion as stated in the September, 2012, letter. *See Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014).

Kubu advances the same objection with regards to the opinions of Irene

Walters, stating that it was error to discredit her opinions, due to inconsistencies between the opinions and the treatment records. The ALJ rejected a Mental Impairment Questionnaire complete by Ms. Walters. Ms. Walters is a nurse practitioner, and the record does not show that she was being closely supervised or endorsed by a physician, therefore she does not qualify as an acceptable medical source and the ALJ was free to reject her opinion for germane reasons. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). The ALJ included several germane reasons, including that Walters' limitations findings were inconsistent with results of objective mental health testing, and testimony from the medical expert that if Kubu's limitations were as severe as Walters found, Kubu would not have been able to perform the job she has held since 2009. The ALJ also relied on the medical expert's testimony that if Walters' opinions were accurate, Kubu would require a more intense treatment regimen. Kubu objects that Judge Lynch does not define "intense mental health treatment." However, neither the ALJ nor Judge Lynch suggest that Kubu's treatment was not intense, but rather that if Walters' opinions regarding limitations were relied upon, Kubu would need *more* intense treatment. The Court finds that the ALJ permissibly rejected Ms. Walters' opinions.

Lastly, Kubu objects to Judge Lynch's finding that the ALJ permissibly

rejected Kubu's testimony. If the ALJ finds that a claimant has shown objective medical evidence of impairment reasonably expected to produce the symptoms alleged and there is no evidence of malingering, the ALJ can only reject the claimant's testimony regarding severity of symptoms by offering specific, clear and convincing reasons for doing so. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Generally, Kubu objects to the ALJ's basis for discrediting her testimony as an incomplete reading of her medical records. While Kubu points to some records showing GAF scores of 50 and below to support her testimony, the ALJ discussed the underlying treatment records at length before concluding that Kubu's testimony generally lacked corroborating medical evidence. Kubu also asserts that her part-time work should not count against her credibility. However, the ALJ concluded that her current work, and the fact that she reported working three jobs and was seeking additional work, undermined her testimony that she was unable to do anything other than her part-time work. Finally, Kubu does not explain her occasional failure to follow her prescribed course of treatment, which the ALJ permissibly found undermined her credibility as to the extent of her psychological symptoms. Her objection merely states that these incidents were sparse and isolated. The Court finds that the ALJ provided sufficiently clear and convincing reasons for finding Kubu's testimony only partially credible.

There being no clear error in Judge Lynch's remaining Findings and Recommendation,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 22) are ADOPTED IN FULL. Plaintiff's motion for summary judgment (Doc. 16) is DENIED. The Commissioner's decision is AFFIRMED.

Dated this 9th day of July, 2015.

Dana L. Christensen, Chief Judge
United States District Court